IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| James David White, ) | |
| ) | |
| ) | Civil Action No. 8:14-2706-GRA-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Bobby Lee Greenway, Sr.; ) | |
| Phillip Maynard; ) | |
| Patricia Lee Greenway; ) | |
| Bobby Lee Greenway, Jr.; ) | |
| Holly Smith Waller; ) | |
| Dean Bonkey; ) | |
| Ron Phillips, *doing business as* ) | |
| Upstate Properties; and ) | |
| Phillips Contractors, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff is a resident of Anderson, South Carolina. The defendants, according to information provided by the plaintiff on page two of the complaint, are residents of Anderson, South Carolina. In the complaint, the plaintiff alleges that each defendant "has and did in fact commit fraudulent acts to commit murder" (doc. 1 at 2). In his prayer for relief, the plaintiff seeks the convening of a grand jury investigation as well as a congressional investigation with respect to notable murders, identity theft, the true identity of the first settlers of the United States of America, and the collapses of Home Gold, the Enron Corporation, Carolina Investors, the Shell Corporation, and "Texico White and Murry oil corp" (doc. 1 at 5).

Appended to the complaint are various exhibits. Those exhibits include: a complaint and related documents filed in the Anderson County Magistrate Court by the plaintiff in *James David White v. Springbrook Apartments*, Case No. 2014-1958, which

relates to work performed by the plaintiff at the apartments (doc. 1-1 at 1–4); a copy of a Report of Separation from the United States Armed Forces for Kenneth Edward White (doc. 1-1 at 5); a Certified Mail Receipt dated June 5, 2014, for mail addressed to Springbrook Apartments by the plaintiff (doc. 1-1 at 6); an affidavit of service dated June 19, 2005, in *MBNA America Bank, NA v. James D. White*, Case No. 2005-CP-04-1379 (doc. 1-1 at 7); an affidavit of service dated April 27, 2006, in *Great Seneca Financial v. James D. White*, Case No. 2006-CP-04-1226 (doc. 1-1 at 9); a photocopy of portions of the Report of the Master-in-Equity in *R. F. Norman Corporation v. Annie B. Ragsdale, et al.*, Case No. 90-CP-23-2907 (doc. 1-1 at 9–13); computer printouts of genealogical reports (doc. 1-1 at 14–19); a handwritten biography of Edwin A. Briggs and a document relating to Edwin A. Briggs (doc. 1-1 at 20–23); a postcard of Canterbury Cathedral in England postmarked July 23, 1957, and addressed to Edwin A. Briggs (doc. 1-1 at 24); a Certificate of Completion issued by Clemson Agricultural College on January 15, 1943, for Edwin A. Briggs (doc. 1-1 at 25); an undated membership certificate for the National Exchange Club issued to Edwin A. Briggs (doc. 1-1 at 26); a Certificate of Completion for Edwin A. Briggs issued by Greenville Technical College in 1977 (doc. 1-1 at 27); handwritten genealogical notes (doc. 1-1 at 28–30); an individual information sheet and attachment apparently used in genealogical research (doc. 1-1 at 31–32); birth certificates of Edwin A. Briggs and Florence James Jones issued by the State of Rhode Island (doc. 1-1 at 33); a birth certificate for Edwin Arnold Briggs, II, issued by the State of South Carolina and a "Confirmation of Baptism" issued by the Church of the Redeemer (Episcopal) on May 24, 1964 (doc. 1-1 at 34); a photocopy of an article from the *Greenville News* relating to an art exhibition at the Church of the Redeemer (doc. 1-1 at 35); a photograph and genealogical notes relating to Wilfred Earle Briggs, who died on December 6, 1954 (doc. 1-1 at 36–41); an arbitration award dated December 29, 2004, and issued by the National Arbitration Forum in the matter captioned as *MBNA America v. James D. White*, No.

FA0409000329151 (doc. 1-1 at 42); a copy of a docket sheet dated May 30, 2014, from the Public Index for the Greenville County Clerk of Court in Case No. 2000-CP-23-03278, which was decided on March 7, 2002 (doc. 1-1 at 43–44); and a photocopy of an Honorable Discharge certificate from the United States Navy issued on February 5, 1955, to Kenneth Edward White (doc. 1-1 at 45).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Bulldog Trucking,* 147 F.3d at 352. *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley,* 191 F.3d at 399 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.,* 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3](3d ed. 1997)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

The plaintiff has made no allegation that the defendants deprived him of a federal right, as he must to state a claim under 42 U.S.C. § 1983. *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.") (citations omitted). As a result, the defendants are subject to summary dismissal because they have not acted under color of state law, *see American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–52 (1999); and *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980), and there is no federal question jurisdiction in this case.

The complaint provides no basis for diversity jurisdiction under 28 U.S.C. § 1332. The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be

4

a citizen of the same state as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 (1978). The plaintiff and defendants are citizens of South Carolina, so diversity jurisdiction is lacking.

In this civil action, the plaintiff cannot obtain a criminal investigation or criminal charges against the defendants. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); and *Leeke v. Timmerman*, 454 U.S. 83, 86–87 (1981).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

July 7, 2014  
Greenville, South Carolina

Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).